BELSOME, J.,
dissenting.
hDr. Franco presented two documents that were neither “general denials” nor “inconsistent affidavits.” These documents created a genuine issue of material fact.[1] It is clear from Keaty’s affidavit *736 and Anderson’s letter that the disputed account of facts has gone beyond mere inconsistencies, and that there is a genuine issue of material fact that cannot be disposed of in a summary judgment proceeding. I respectfully dissent.

. The majority does not reference two documents. The first is an affidavit by Thomas Keaty, Dr. Franco's original attorney. Thomas Keaty is an intellectual property attorney who represented Dr. Franco on patent issues. Keaty referred Dr. Franco to attorney John Anderson of the Chehardy, Sherman Law Firm. Keaty testified that during the course of his representation of Dr. Franco, he "maintained steady communications with the Law Firm, participating in meetings, initiating and receiving correspondence and maintaining a familiarity with the agreements and understandings between Dr. Franco and the Law Firm.” Keaty also testified in an affidavit: “[t]o the best of my knowledge and belief, it was the agreement between the Law Firm, Dr. Franco, and Laser-Med, Inc. that any and all attorneys' fees for development and commercialization of Dr. Franco's invention ... would be deferred until either successful commercialization of the invention was underway or until an investor or investors were located by the Law Firm ...”
*736 The majority also neglected to mention a letter from John C. Anderson to Dr. Franco dated Februaiy 19, 2002. Anderson was Dr. Franco's attorney at Chehardy. He left the firm during the course of his representation, and sent this letter from his new firm, Fenet, Jackson & Anderson. In the letter, Anderson writes,

"Please excuse my oversight in not sending you the cumulative bills of the Chehardy, Sherman Law Firm’s time and services rendered on your behalf. I have told the firm that the initial attempt at commercialization did not work and that I would try to defer payment anyy (sic) fees and expenses to us until you can find some form of solution. Frankly, I have asked the firm to hold the bill and await what success will hopefully occur in the next attempt to commercialize your patented technology."